versus State Farm Mutual Auto Insurance Company. Good morning, counsel. Did I pronounce your client's name right? Is it Sose or Soss? Sorry, I apologize. Did I represent your client's name right? Sose. Thank you. I want to make sure I got that right. It's not the Floribama. Not the Floribama. That one's easy to remember. Counsel, good morning. Good morning, Your Honor. May it please the Court, Dan Diffley on behalf of State Farm. At the outset of this case, State Farm recognized that some of its insureds were not paid sales taxes on total loss claims involving leased cars in Florida. It also recognized that this was inconsistent with its practices. As a result, it did what we would expect a responsible company to do. It fixed the programming error that led to this, the taxes not being paid, and it proceeded to pay these individuals through a process called a remediation. It paid these insureds over $4 million, and there were 3,259 ultimately who were paid through the remediation process. The result was five years of litigation, a class certified, a judgment entered against State Farm, and an attorney's fees award of over $4 million. Respectfully, this is not how class action litigation should work, and the District Court made numerous errors during the course of the case, ignoring bedrock principles of standing and principles under Rule 23. Some of those errors included, first, certifying a class when a judgment had already been entered for the named plaintiff, and not only was that judgment... On that issue, I am having a really hard time seeing a way I could rule for you on that issue, given what the Supreme Court and this Court has said about really just making exceptions to the mootness doctrine for the purposes of class certification. Could you just jump straight to that and explain if there is some way to get around those cases? I think our position is actually very consistent with those cases. I'll start with the transunion as an example. Now, the transunion case has said that every class member needs to have standing. It's understood that that's got to mean the class representative as well. It really, from our view, as an Article 3, it's a standing question because think about it this way. If Mr. Sose had filed a lawsuit against State Farm two years ago, or two years before this case, and got a judgment against State Farm, and it was paid, that would be the end of this case. If he showed up two years later and sought to be a class representative, respect that, and we would all laugh at that. And it's no different here. Look, I tend to agree with you that if I weren't bound by this precedent, that that makes perfect sense. But the Supreme Court in Garrity said that the named plaintiff in a class action presents two separate issues for judicial resolution. One is the claim on the merits, which the named plaintiff won here, and I'm quoting, quote, the other is the claim that he is entitled to represent a class, end quote. And then the court says that even if the claim on the merits goes away, that other claim is still alive and can be proceeded on. So, I mean, what do we do with that? Your Honor, I believe that involves a different set of circumstances here. As I've played a lot of this case, this doesn't happen very often. I think that's why we had to rely on Clark v. State Farm, ironically v. State Farm from the Tenth Circuit, because we don't encounter a situation where a trial judge rules on the merits for the named plaintiff before proceeding to class action certification. That's why courts generally will look at class discovery first before merits discovery. That's why this judge's scheduling order required class certification to be filed a year before summary judgment or six months before summary judgment. That's why Rule 23 says class certification should be determined at the earliest practical time. A slight change recently in that rule, but I'm paraphrasing. But all of those reasons point out to why we're here. Most of the cases that deal with mootness or this interest in the case after class certification has been denied before a ruling on the merits, and he or she has standing to appeal that issue. They still have that interest. Here, Mr. Sose, at the time that summary judgment was entered in his favor, and not only was judgment entered, it was paid. He had no standing. Now, sometimes the courts will look at mootness in this case, but evading review. In this context, and in this case, because of all of the insurance being paid, it's not realistic. Counsel, let me fast forward a little bit on Garrity. So what I think I understand you saying is that Garrity and Garrity, the facts are different because the plaintiff's claims were mooted after class certification had been ruled on and denied. And what the court there said is the plaintiff has a right at that point, even though his case, his personal case has been mooted, to litigate the denial of class certification, correct? Correct. So we don't have a denial of class certification, and here the claims were mooted before class certification ever happened, right? That is correct. Okay. And also, as I understand Garrity, part of the reason the Supreme Court ruled that way was what it called sort of a relation back theory, meaning that, so think of it this way. If class is denied, plaintiff then has a claim for maybe a couple bucks in some of these cases. So the plaintiff is going to settle. He has no incentive to continue litigating his very, very small claim. But if he was, if the district court was wrong on class certification, the plaintiff's calculus is completely different. And so what the Supreme Court seems to be saying is the case relates all the way back to the certification stage, and at that point the plaintiff then would not have decided to settle, but instead would have decided to litigate the case. In other words, we're not going to ding the plaintiff because he made a call after a wrongful denial of class certification. Does that make sense? Does that sound right? It does, Your Honor, but I think we also need to consider that entire analysis that you just provided, Judge, in the context of the more recent cases coming out of the Supreme Court, like TransUnion, that live case or controversy, the Article III standing that is necessary for everyone, including a named plaintiff. And at the point in time in this case, Mr. Sose did not have any personal stake or live controversy in the case. It seems to me very different to say the plaintiff doesn't have a right to appeal a class certification that never should have happened in the first place. And if we do relate back, we don't relate back to class certification. We relate back all the way to his personal summary judgment. In other words, the class certification is unaffected. It would seem to me that there isn't quite a parallel with Garrity for those reasons. What case is closest on point that where the Supreme Court or we have said, and it's not TransUnion, I'll tell you that, so what case is sort of closest on point to, or even in DICTA, where we or the Supreme Court has said that this sort of thing does create a mootness problem, not just for the plaintiff, but for the class itself? Your Honor, the best case that we have for that is the Clark v. State Farm out of the Tenth Circuit. We have looked. I do not believe this Court has dealt with this particular set of circumstances where summary judgment. What about Zeidman? Now, I know Zeidman rule comes the other way. But in Zeidman, what we say there is, and this is the old Fifth Circuit case, we say, quote, we recognize as to the District Court that a suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has been properly been certified. So that's the general rule. And there they recognize exceptions for not So why has that not set the general rule for how we handle exactly this sort of situation? Your Honor, as I understood what you just quoted from that case, it's very similar. This is a situation where the named plaintiff's judgment has been satisfied. And I'll also point out here, Your Honor, that it wasn't just the summary judgment that led to the mootness issue. We could go back to the beginning of the case, because in addition to State Farm paying the additional, its insureds, as part of the remediation, it also paid Mr. Sose what he asked for. I don't think that's a winning argument for you, counsel. They don't have to accept your tender once the lawsuit's been filed. To me, I'm always speaking for myself, that is not a winning argument for you. And I appreciate that, Judge. But I would say this respectfully, this is different than just a tender. This wasn't just a phone call saying, would your client accept this to make the lawsuit go away? We sent a check for the full amount, and as the record indicated, his testimony was that he didn't even know about it. His counsel hadn't provided it to him. But we do think there are two areas there where, just as it relates to the class representative, if I could, Your Honor, I would also like to speak to the overall class. Even if we get to the point where there's a disagreement about the named plaintiff and the mootness issue there, the trial court still certified a class after all of the individual insureds had been paid through this remediation. And so when we look at... Yes, I mean, they had this claim for prejudgment interest, right? And so I understand your position that you think that the prejudgment interest was, you know, that you should have won on that point. But they had the claim. It was a common claim to everybody. Isn't that all they need to get the class certified? There is no valid claim for prejudgment interest. So I guess that goes to the merits, right? You've raised the prejudgment interest issue as a standing issue, as a class certification issue, as a merits issue. It seems to me that even if their claim should have failed, it should have failed as a class and not as individuals. What am I missing on that? Actually, all three, Your Honor. But I'll speak. It's absolutely a merits claim if they have a claim. But there is no claim for prejudgment interest. It's not like count one of the complaints said prejudgment interest. Their claims were for breach of contract and declaratory judgment. The only way they could have done that is if they had gone to the judge and said, I'm going to certify the class. And he denied our motion to decertify the class and said, I'm going to keep the class in place because you did not pay prejudgment interest. Your Honor, may I finish? You may. Because you did not pay prejudgment interest. So from our perspective, it goes to all three issues. If there's no claim for prejudgment interest, if there's no valid interest in prejudgment interest, if there's no injury because there's no right to prejudgment interest, you can't certify a class on that basis. Thank you, Counsel. Thank you, Counsel. Thank you, Your Honor. May it please the Court. My name is Jacob Phillips. I'm here with my colleague, Mr. Normand, Ed Normand. I'm just going to jump straight into what we were just talking about. We have an interesting issue here where we're talking about mootness where Mr. Sosa is defending an appeal in his favor. So mootness obviously prevents the Court from making an adjudication on the merits. The Court adjudicated the merits. So his claim couldn't have become moot. That's why he's defending his individual claim here on appeal, right? That's the first issue. The second issue... But he didn't lose anything. I'm sorry? Let's just talk about his individual claim. He didn't lose anything. He wouldn't have appellate jurisdiction. You have to have some adverse interest in order to appeal. You can't just appeal because you feel like it. Oh, I mean, he can be a defendant. He's allowed to be here. That's not the issue. Well, he wouldn't be allowed to be here if his claim was moot. You see what I mean? No, I don't. If this Court rules in favor of State Farm on the merits, Mr. Sosa will lose the summary judgment. So his claim wasn't moot. His claim is happening right now. Oh, so you're saying that they appealed the summary judgment that they lost against Mr. Sosa. Correct. So they're simultaneously claiming that his claim is moot, but also that it was wrongly decided on the merits. They paid the judgment. I mean, they don't have a claim there. Once they pay the judgment, that's it. They didn't deposit in the registry of the Court. They didn't get an appellate bond. They paid. They don't have a claim appeal on it. To the extent they've appealed that, that appeal is moot. It's done. So they have appealed the summary judgment as to the class. And yes, the legal issues are the same. That's your point. But they have not, they cannot, under these circumstances. It's good to hear that. I didn't realize that was going to be the Court's perspective. So then moving on to the second question, which is, let's assume for a second that the claim was moot. This Court held in Stein that even if a claim is mooted because of a judgment, you know, the plaintiff can still pursue the class claims. This Court held in, very recently in Renzel, I think that's how you say it, Renzel, that for the final judgment in terms of favor of the plaintiff, that one remands the plaintiff could seek copyright. But Renzel is the same situation with Garrity. It's a, and it really goes to the ability to appeal in this situation where a class certification is improperly denied or alleged to be improperly denied. Then the plaintiff's case resolves. I think he's settled in Renzel. And then the, but wants to appeal the denial. And what we've said in that circumstance is, applying the line of cases in Garrity that Judge Brasher referred to, is yes, you can, because if you win there, you're essentially put back in place where you were before. In other words, we're not going to hold the settlement or judgment or anything against you afterwards because you should never have been there in the first place. It was improper for the Court to have put you in that position. But this Court also said, and that's not only what this Court said. Do you agree with me that's the procedural posture of Renzel? It was a final judgment. It was a default judgment. So it wasn't a settlement. It was a resolution after class certification had been denied. I believe the judgment came first, then the Court denied, because it was a default. So they got the judgment. It moved for class, the Court denied class, they appealed it. And what this Court said was on remand. I'm sorry. Pages 1361 to 1364, the named plaintiff obtained a default after the District Court denied class certification. Right. Okay. So I had that wrong. The question to you is, does that matter? I mean, that's Judge Love's question. Does that procedural posture matter? What makes it clear it doesn't matter? Which case? Renzel? Renzel, I'm sorry. Renzel. And the footnote says, on remands, the plaintiffs can seek class certification and, if successful, relief for the class. And then RSVA, this budget, similarly, this Court remanded and permitted the plaintiff to seek relief for the class after the plaintiff had gotten a summary judgment, final judgment in her favor.  Isn't the distinction the relation backdock that Garrity relied on? In other words, isn't the distinction that it's a different procedure, significant procedural posture for a plaintiff who, after denial and improper denial, is on their own, really doesn't have an interest because the whole concept of why they brought this is because the claim is not worth anything individually. So for that plaintiff to be on their own and then have made the very reasonable decision, either in that case it was defaulted, in other cases where summary judgment was granted in their favor, in other cases where they just decided to settle to get this thing done, they still should retain a right to appeal the improper denial of class certification because that puts them back in the position that they were before then. And that doesn't seem to apply here. Well, but then, to follow your logic, so then... It's not my logic, it's the Supreme Court's. What happens then when it comes back down and they get certified, right? At that point is, okay, well, good job, you got the class certified, but you can't seek relief for the class. Oh, everything's undone before that. So you essentially rewind, if we're looking at an old VHS tape, you're rewinded back to the beginning of where class certification was. But here, the rewind will always be before class cert. That's why it's all different. The relation back doctrine doesn't make sense in this context, and that's why Zeidman sets out the general rule, which says that in this kind of case, that the general rule doesn't apply, or that the general rule would apply. Okay, so I guess what I'm trying to get at is then, we're back at class cert, right? Under any of these cases where, okay, it's not moot, remand. They then get the class certified. They have a final judgment in their favor and a certified class. They can pursue relief for the class, right? That's the... So I think you and Judge Luck maybe, I mean, your point, I think, is that at the district court, where you were now, you're saying that's the same place that they were on remand in these other cases. I think what Judge Luck is saying is that's not correct, because in these other cases, the rewind meant that the individual plaintiff lost his final judgment, and there was now no final judgment in favor of the individual plaintiff. That went away, and so there was no final judgment. So what, is Judge Luck reading those cases correctly, or is there something else that's going on? There was a final judgment. In this case, there was a summary judgment. Right, right. And I would say there's no indication, I see no indication in Renzel and Benares and any of the Supreme Court cases that the merits were undone, that the plaintiff now no longer had his individual relief. I mean, he had them in a lot of these cases. No, you haven't studied every case on remand, so you don't exactly know what happened, but the point is simply they get to go back to the class search stage and get a certified class of which the plaintiff has been a member. That wouldn't happen here, because it's moot. The plaintiff's individual action, again, assuming the paying on the judgment moots the plaintiff's individual claim, that means that there's no class representative here. Assume I'm right for the moment. What's the remedy here? The remedy would be to replace Mr. Sose with another class member who hasn't gotten pre-judgment, who just hasn't gotten all of that, and we've presented that argument before the district court, identified someone who stepped up and did that. And so that seems to me to be where this shakes out, which is you get what you want at the end of the day, and another person steps in who I'm sure you have a few clients who fall within the class, I would imagine, and just someone else steps in who judgment has not been entered in, and then you file for class certification and do it right this time, which is class search gets decided first, and then we do the summary judgment. If you're right that it was an error to have Mr. Sose be the class representative, it's a fixable error that a certain plaintiff can step in and represent the class. The question would be does that then, I mean, what about the judgment for the pre-judgment interest? I mean, assuming the court refers on that point, then all the plaintiff has to do is get the class recertified. I don't think we would decide anything other than that, and you'd all have to litigate that. But let me, I have some class search questions, unless you have anything else. No. I have some class search questions. So let's assume we get past mootness, we agree with you, the case is not mooted, and we move on. Okay. So as I understand the district court's order, the district court said that your client was an adequate client to represent the interest of the class or the adequacy prong because he still had an interest in attorney's fees. Is that a fair representation of what the district court ruled? I can read it to you if you want. That's fair. Okay. Your client has no interest in attorney's fees, correct? He does have an interest. You have a contingency fee client arrangement with your client. You get the fees, right? Right. The fees aren't his. I assume you have a contract that gives you either a lien or the right to those fees. In other words, the client will never see a dime of an attorney's fee, correct? Sure. His only interest is your financial interest, not any of the financial interest of the prejudgment interest of the class. I would say that the Florida Supreme Court has said that attorney's fees under the law... Well, this isn't a Florida... Class is not... Adequacy and class certification have nothing to do with state law. On the question whether he has an interest, though, that falls under the law. Sure. I agree with that. The Florida Supreme Court has said that it is the substantive element of his compensatory damages to get the attorney's fees. Now, whether that gets passed on to the attorneys or what have you, sure. But he has an interest in getting those fees as a part of his compensatory damages. Secondarily, I would point out that if we're talking about remands under the hypothetical you've laid out... I am. ...Mr. Sosa's adequacy would presumably no longer be at issue anyway. No, we agree with you on mootness. So we're then reviewing the class certification. And it seems to me that his only interest is in the attorney's fees, but your best response may be that under Florida law that's enough. Then let me ask you this. Class counsel filed a charging lien with regard to the remediation payments. How does that not put the interest of class counsel, who wants as much fees as possible, meaning as much of the remediation as possible, against the interest of the class who wants as much of their money and get as little as possible over to the attorneys? Yeah. So the charging lien under Florida law shifts fees and costs to the defendant. We weren't seeking to enjoin. There have been instances, actually, where there's been remediation processes like this. And what courts have said is that attorneys should actually file a motion for an injunction against it to preserve it. We didn't do that. We filed the charging lien, which shifts the costs over to them. The Florida bar rules are very clear. A charging lien does not put you in conflict with your client. I'm not talking about an ethical conflict. You're 100 percent right. Let me be clear. I'm not alleging any ethical impropriety by anybody here. I'm talking simply about adequacy of counsel. How can counsel represent the interests of the class when counsel wants all or as much of the counsel as much of the class as money as possible? And the class who has all the money wants to give as little of it as possible over to the attorneys. Yeah. I would say that that's always a feature of classification. Right. And so courts have recognized that there's an inherent tension when it comes to not when there's a charging lien and it's already been paid. I mean, you're talking about the inherent tension of there's a potential for a settlement and money potentially flows there. But these people have money in their pocket. And we're talking about class counsel taking as much money out of someone's pocket as possible. And those folks having as much of an interest to not give as much money to class counsel. So I'm sure that let me put it this way. I'm sure of class counsel. If someone representing the interests of the class would have said maybe a 2.5 multiplier may not be appropriate here because we have a lot of money here and maybe something a little less would be more appropriate. You agree that that's an argument that some of those folks might have made. And they were responsible for the payment of the fees. But under Florida law, not only under 67.428, but also pursuant to the charging lien, the money was paid, which means State Farm is now responsible for the fees anyway. And so we wouldn't ever have been getting the fees from class members anyway. So there's not that tension or that inadequacy as it comes to class counsel. I would also simply point out that typically a district court is making a prediction about whether the representative and class counsel are going to be adequate. And so they have to sufficiently show that they will be an adequate representative. At that point, the charging lien was filed. I want to fast forward a little bit to the attorney's fees because we don't have much time left. So I want to talk about the multiplier. Now, as I understand the way the multiplier works in Florida, and I think I have a decent idea of it, if it's likely to succeed, you get 1 to 1.5. Again, this is assuming the other Joyce factors are met. If it's even, sort of split, you get 1 to 2 or 1 to 1.5. And then if it's unlikely to succeed, meaning you created a miracle, you get the 1.5 to 2.5. Is that fair? 2 to 2.5. Unlikely to succeed. I understand. Unlikely to succeed. I have to tell you, I'm not going to say anyone's argument borders on frivolous here, but when I open Black's Law Dictionary and the very definition that comes out of actual cash value is the one that supports your position, and then I open Webster's, my big ugly Webster's in the corner there, and the definition of actual cash value supports your position, and then I look at the Florida Supreme Court case directly on point, and it supports your position. How can I possibly conclude, even under an abuse of discretion standard, that you had an unlikelihood of success in that case? Now, granted, you still have to litigate it. Granted, all of that. And then I add on top of that that every other court to rule on this has ruled in the same way. Judge Altanaga in the Southern District, Judge Dimitri Elias in the Southern District. I'm just having trouble understanding how it's not an abuse of discretion to say in this factual context that you were unlikely to succeed. I'm going to try to answer that as quickly as possible, but it's a long question to answer. Take the time you need to answer it. I will concede that our merits position was pretty good. Now, there was no precedent, right? As far as the sales tax for leased vehicles or whatever. Mills is pretty close to precedent on point. Mills was pretty close. It was homeowners. I won't even press that point. We had a good case on the merits. We would agree. So I think what it comes down to is do you look at it solely as if we were just bringing an individual claim on the merits? Is that the only question? Or do you take into account the likelihood of getting class relief as well? If it's just the merits of the individual claim, I think, you know, even odds. I don't think our chances were unlikely. It also includes an analysis of whether we were going to get class relief. Then I think you can say the difficulties of class certification, especially at the time we filed. Now, the 11th, this Court has removed the administrative feasibility requirement and some of those things that made it more difficult at the time. But we could have known that. And so if you include the class relief, that's what I would say makes it not an abusive discretion. Thank you. Thank you, Your Honor. Thank you, Your Honor. I'll add a few points. I'll add to the list on the attorney's fees of what you were just talking to with Plaintiff's Counsel. They said in their original complaint in this case that this issue is a simple breach of contract case. It has already been decided, citing to a case involving USAA. So I think that's another factor when we consider attorney's fees. You're talking about the Bastion case? Bastion case, yes. They referred to that filing Document Entry 24 at the beginning of this case. I'll start at the end. And frankly, filing the lawsuit caused you guys to pay and take a look at this thing. So is that not folded in? It is folded in, Your Honor. I think it's all folded in. The unique circumstances of this case, though, when you look at it, is very soon after the outset of the case, everybody was paid. But I do want to talk about a couple of other things. One on the merits of actual cash value, because that's part of this as well. Mills is different, and that's an important distinction, because the policy in Mills involved a replacement cost policy where actual cash value is defined as replacement cost plus. I know, but every definition that I've looked at in the Florida Supreme Court, and granted in the homeowners context, not in the auto context, has said that actual cash value is fair market, but then defines it simply as replacement cost minus depreciation. Your Honor, and I think if you look at those cases, I don't want to speak to all of them, but most of them, including the more recent ones, you still have to look at the policy definition. And the policies in those cases define actual cash value. This policy does not. So then you just look at the ordinary definition, which is fair market value. There's an older case from the Supreme Court of Florida, 1954, that we cited. But there is a distinction, and the distinction is in the underlying policy language. Counsel, if I can, I want to fast-forward you with the short time you have left. I want you to address the question that Judge Brasher asked, which is, what is the difference between what I'll call the Garrity line of cases, including Roper and Renzell, that your opposing counsel refers to, for that, even though the plaintiff is settled and is done, has an interest in appealing and coming and litigating class certification, versus your situation. Why are those different? The difference is because in those cases, at the time the trial court certified the class, the plaintiff still had an interest. He still had a live claim. He still had a live controversy. He may have ultimately lost on that after class certification, but you need to look, when you're talking about Article III standing, when you're talking about the adequacy of the class representative, that individual needs to have that personal stake, that entry, at the time of class certification in this case. Is the remedy here then simply to ask the district court to vacate class certification here and then direct that a new name plaintiff be there? Newberg, the sort of the treatise on this sort of thing, that's what he suggests that we do in this sort of situation. There are some other circuits that have dealt with it. Why is that not the remedy? So we've looked at that, and, Your Honor, I don't think that was briefed by either side in the brief. I don't know that I agree with that. I think your opposing counsel pointed me to a couple of those sites. I stand corrected. Thank you, Your Honor. I will point out, though, that at no time in the trial court did the plaintiffs file a motion to substitute a class member. I thought the trial court itself, Sue, I mean, correct me if I'm wrong, but I thought at some point this came up and the trial court said, you don't have to do that because I don't think it's moot, so just forget about it. Normally when this happens, it's a proposed class rep who no longer has an interest, is ill or something like that. So may I finish, Your Honor? I think you still run into the same challenge because the fundamental assumption when you go back to find a new class representative was that class certification was proper at the time, right? Here it wasn't because Mr. Sose didn't have standing at the time. It couldn't be inadequate. No, I think it unwinds. I think the case law unwinds it all the way back. But do you have anything else to add? Thank you, Counsel. Thank you, Your Honor. Thank you. We're adjourned for the week. Thank you so much. All rise.